*606 OPINION.
Murdock :
The petitioner claims credits under section 26 (c) (2) of the Revenue Act of 1936. That provision, which is headed, “Dis *607 position op PROFITS of taxable ye Ait”, allows a credit of “An amount equal to the portion of the earnings and profits of the taxable year which is required (by a provision of a written contract executed by the corporation prior to May 1, 1936, which provision expressly deals with the disposition of earnings and profits of the taxable year) to be paid within the taxable year in discharge of a debt * ⅛ * to the extent that such amount has been so paid * * *.” The petitioner claims that the provision of the notes quoted in the findings of fact brings this case within section 26 (c) (2). The notes require that payments of $16,000 be made annually on account of principal before any dividends are paid on the common stock from surplus or net profits. We shall pass the question of whether or not the restriction on the payment of dividends might properly be described as one which “expressly deals with the disposition of earnings and profits of the taxable year” because it restricts distributions from those earnings just as it restricts distributions from prior earnings. The claim for credit must fail in any event, since the provisions of the notes do not require that any portion of the earnings and profits of the taxable year be paid in discharge of a debt. Payments will comply with the provisions of the notes regardless of the source from which the payments are made. Thus, the petitioner could have made payments on the notes from any source whatsoever and could have distributed all of its earnings of the taxable years without in any way violating provisions of the notes. “The basic intent of Congress seems to have been to include in the provision only contracts which inevitably require in their performance a drawing on current earnings, thus removing current earnings as a source of dividend payments.” G. B. R. Oil Corporation, 40 B. T. A. 738, 744. Since the facts in the case of this taxpayer do not meet the precise provisions of the statute, no credit is allowable. Cf. Hub Clothing House, Ltd., 39 B. T. A. 900; Belle-Vue Manufacturing Co., 43 B. T. A. 12; Brockway Glass Co., 43 B. T. A. 267; Lafayette Hotel Co., 43 B. T. A. 426.

Decision will be entered for the respondent